IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. |
| PETRÓLEOS DE VENEZUELA S.A. and PDVSA PETRÓLEO, S.A., | § § § | |
| Defendants. | § § | |

**COMPLAINT FOR RECOGNITION OF PLAINTIFF'S FOREIGN MONEY JUDGMENTS**

Plaintiff, Banco San Juan Internacional Inc. ("BSJI"), by and through its undersigned counsel, files this Complaint and alleges as follows:

## I. THE PARTIES

1. BSJI is a corporation organized under the laws of the Commonwealth of Puerto Rico and is licensed to conduct business as an international banking entity.

2. Defendant Petróleos de Venezuela S.A. ("PDVSA") is a Venezuelan state-owned conglomerate, incorporated in the Bolivarian Republic of Venezuela ("Venezuela"), whose business is the exploration, production, refining, trade, and supply of oil, gas, and other hydrocarbon products.

3. Defendant PDVSA Petróleo, S.A. ("Petróleo") is an operating subsidiary of PDVSA and is also incorporated in Venezuela.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330. PDVSA and Petróleo are agencies or instrumentalities of a foreign state within the meaning of 28 U.S.C. § 1603, and PDVSA and Petróleo are not entitled to immunity from subject-

1

matter jurisdiction of this Court under 28 U.S.C. § 1605. The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over PDVSA and Petróleo pursuant to 28 U.S.C. § 1330(b) and 28 U.S.C. § 1608(b).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(f)(1) because a substantial part of the property that is the subject of this enforcement action is situated in Delaware and pursuant to 28 U.S.C. § 1391(f)(3) because PDVSA and Petróleo are licensed to do business or are doing business in Delaware within the meaning of 28 U.S.C. § 1603.

7.      An actual and justiciable controversy exists between the parties regarding the following judgments pronounced by The High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) in the United Kingdom (the "U.K. Court"):

   a.   **2020 Judgment:** No. [2020] EWHC 2937 (Comm), dated November 4, 2020, pursuant to which PDVSA was ordered on December 3, 2020 to pay BSJI the principal and interest in the amount of $83,886,346,[1] plus interest to accrue on the principal debt amount at the contractual rates under the 2016 and 2017 Credit Agreements. A copy of the 2020 Judgment is attached as Exhibit A.

   b.   **2021 Judgment:** No. [2021] EWHC 1949 (Comm), dated July 9, 2021, pursuant to which Petróleo was ordered to pay BSJI the principal and interest amount of $39,270,078,[2] plus interest to accrue on the principal amount at the contractual rates

---

[1] This comprises the U.K. Court's order that PDVSA pay (1) $46,656,068 (principal debt of $39,548,555 plus contractual interest accrued to the date of the order of $7,107,513) in respect of the 2016 Credit Agreement; and (2) $37,230,278 (principal debt of $30,951,078 plus contractual interest accrued to the date of the order of $6,279,200) in respect of the 2017 Credit Agreement.

[2] This amount includes principal debt of $30,951,078 plus contractual interest accrued to the date of the order of $8,319,000 in respect of the 2017 Credit Agreement.

MDSU W0327379.v1

under a 2017 Credit Agreement to which Petróleo is a party and named Guarantor. A copy of the 2021 Judgment is attached as Exhibit B. As Guarantor, Petróleo irrevocably guaranteed, as primary obligor and not merely as surety, PDVSA's payment obligations under the 2017 Credit Agreement. *See* Ex. B at B-3 (Certificate Concerning a Judgment in Civil and Commercial Matters ("Certificate"), § 4.6.1.1).

### III.    FACTS AND PROCEDURAL HISTORY

8.    BSJI and PDVSA entered into two credit agreements that form the basis of the 2020 Judgment and 2021 Judgment at issue here.

9.    The 2016 Credit Agreement was entered into on March 23, 2016 between BSJI as "Lender" and PDVSA as "Borrower" ("2016 Credit Agreement"). PSVSA failed to pay BSJI pursuant to the terms of the 2016 Credit Agreement and owes BSJI an overdue principal amount of $39,548,555 plus accrued contractual interest. Ex. A at A-14 (Approved Judgment, ¶ 19).

10.    The 2017 Credit Agreement was entered into among BSJI as "Lender," PDVSA as "Borrower," and Petróleo as "Guarantor" on April 6, 2017 (the "2017 Credit Agreement"). Under this agreement, PDVSA owes BSJI an overdue principal amount of $30,951,078 plus accrued contractual interest. *Id*. at ¶ 22; Ex. B at B-4 (Certificate, § 4.6.1.5.1.2.2).

11.    Following an event of default under each of the credit agreements, BSJI on December 3, 2018 accelerated all amounts outstanding under the 2016 and 2017 Credit Agreements and made a demand for immediate payment of those amounts by PDVSA. Ex. A at A-3 (Certificate, § 4.6.1.1).

12.    Full payment was not made by PDVSA. *Id.*

13.     Both 2016 and 2017 Credit Agreements are governed by English law and contain a jurisdiction clause mandating that the English courts shall have exclusive jurisdiction to settle any dispute arising out of or in connection with the Agreements. *See id.* at A-11 (Approved Judgment ¶ 3).

## A. The 2020 Judgment

14.     On May 18, 2020, BSJI commenced action against PDVSA in the U.K. Court pursuant to the exclusive jurisdiction clauses in the 2016 and 2017 Credit Agreements. *Id.* BSJI claimed amounts due from PDVSA under both the 2016 and 2017 Credit Agreements and sought summary judgment against PDVSA in respect of both claims. *Id.* at A-3 (Certificate, § 4.6.1.1).[3] BSJI validly served PDVSA pursuant to the parties' contractual agreement governing service of process. *See* Ex. C at C-2 (Minute of Order) ("It is declared that the Claims have been validly and duly served on PDVSA pursuant to CPR Rule 6.11 and Clause 9.12(c) of the 2016 Credit Agreement and clause 10.12(c) of the 2017 Credit Agreement.").[4]

15.     PDVSA did "not dispute the payment defaults or its liability." Ex. A at A-13 (Approved Judgment, ¶ 18). Instead, PDVSA's defenses to BSJI's summary judgment applications included that the United States sanctions regime prohibited BSJI and United States banks from receiving funds from PDVSA in repayment of sums due under the 2016 and 2017 Credit Agreements. The U.K. Court rejected PDVSA's defenses. *Id.* at A-3 (Certificate, § 4.6.1.1).

16.     On November 4, 2020, the U.K. Court entered a judgment in favor of BSJI. *Id.* at A-2 (Certificate, § 4.1). Subsequently, on December 3, 2020, the U.K. Court entered two orders in

---

[3] BSJI's application before the U.K. Court comprised of two claims: (i) CL-2020-000318 pertaining to the 2016 Credit Agreement claim, and (ii) CL-2020-000320 pertaining to the 2017 Credit Agreement claim.

[4] A copy of the Minute of Order, dated August 4, 2020, is attached as Exhibit C.

MDSU W0327379.v1

favor of BSJI on its two claims pertaining to the 2016 and 2017 Credit Agreements. *Id.* at A-55 to A-57 (Order for 2016 Agreement); *id.* at A-59 to A-60 (Order for 2017 Agreement). Specifically, the U.K. Court ordered the following:

    a.   **<u>2016 Credit Agreement:</u>** PDVSA to pay $46,656,068 (principal amount of $39,548,555 and interest to the date of the order in the amount of $7,107,513) to BSJI by December 18, 2020; interest at the rate of 8.25% per year on the portion of outstanding principal balance comprising "Revolving Loans" and 9.50% per year on the portion of the outstanding principal balance comprising "Term Loans"; and costs equaling £262,175.93. *Id.* at A-56 (Order for 2016 Agreement, ¶¶ 1–2).

    b.   **<u>2017 Credit Agreement:</u>** PDVSA to pay $37,230,278 (principal amount of $30,951,078 and interest to the date of the order in the amount of $6,279,200) to BSJI by December 18, 2020; interest of 11% per year under "Loan 1" and 10.8% per year under "Loan 2"; and costs equaling £266,365.85. *Id.* at A-60 (Order for 2017 Agreement, ¶¶ 1–2).

17.    The U.K. Court also refused permission to appeal. *Id.* at A-56 (Order for 2016 Agreement, ¶ 3); *id.* at A-60 (Order for 2017 Agreement, ¶ 3).

18.    The 2020 Judgment on the 2016 and 2017 Credit Agreement claims became enforceable on December 18, 2020. *Id.* at A-2 (Certificate, § 4.4.1).

19.    On March 12, 2021, the Court of Appeal in the United Kingdom ("U.K. Appellate Court") also refused PDVSA permission to appeal the lower court's orders dated December 3, 2020. A copy of the U.K. Appellate Court Order is attached as Exhibit D. The U.K. Appellate Court found that the license issued by the Office for Foreign Assets Control of the U.S. Treasury

Department on December 10, 2020 rendered PDVSA's appeal "futile or academic." Ex. D at D-1 (Appellate Order).

20.    Additionally, *fueled by a desire to ensure expeditious appellate review*, BJSI moved the U.K. Appellate Court to set aside the lower court's order that PDVSA pay BSJI's costs and agreed to pay PDVSA's costs of the summary judgment applications in the lower court. *Id.* (Appellate Order). The U.K. Appellate Court therefore set aside the lower court's December 3, 2020 costs orders in favor of BSJI, and ordered PDVSA's costs be set off against amounts owed by PDVSA to BSJI under the December 3, 2020 orders. *Id.* at D-1 to D-2 (Appellate Order).

21.    To date, PDVSA has willfully failed and refused to satisfy the 2020 Judgment rendered by the U.K. Court in favor of BSJI. As of September 30, 2022, PDVSA owes BSJI $53,132,941.71 under the 2016 Credit Agreement ($39,548,555.62 in principal plus interest in the amount of $13,584,386.09); and $43,492,585.62 under the 2017 Credit Agreement ($30,951,078 in principal plus interest in the amount of $12,541,507.62).

## B.  The 2021 Judgment

22.    On December 3, 2020—the date of the order against PDVSA pertaining to the 2017 Credit Agreement claim—BSJI demanded payment from Petróleo in its capacity as "Guarantor" under the 2017 Credit Agreement between BSJI and PDVSA. Ex. B at B-13 (Approved Judgment ¶ 23). However, no payment was received, and therefore, BSJI initiated proceedings before the U.K. Court against Petróleo seeking payment under the guaranty of the principal debt plus interest. *Id.* (Approved Judgment ¶¶ 23–24).

23.    On May 12, 2021, BSJI sought summary judgment against Petróleo in these proceedings. *Id.* at B-10, B-13 (Approved Judgment ¶¶ 1, 25).

24.     BSJI validly served PDVSA pursuant to the parties' contractual agreement governing service of process. *Id.* at B-14 (Approved Judgment ¶¶ 30–31).  However, Petróleo did not acknowledge service. *Id.* (Approved Judgment, ¶ 33). As the U.K. Court found, despite the absence of acknowledging service, "there is ample evidence that the defendant has been served with the proceedings and with the application notice and is aware of, and has had an opportunity to participate in, these proceeding if it wished to do so." *Id.* (Approved Judgment ¶ 35). Petróleo was represented by counsel in connection with BSJI's summary judgment application. *Id.* at B-17 to B-18 (Approved Judgment ¶ 57). The U.K. Court thus concluded that it could proceed in the absence of Petróleo. *Id.* at B-14 to B-15 (Approved Judgment, ¶¶ 34–40).

25.     Petróleo through its counsel agreed not to oppose BSJI's summary judgment application. *Id.* at B-17 to B-18 (Approved Judgment, ¶¶ 57–58).

26.     The U.K. Court granted summary judgment in favor of BSJI on July 9, 2021 and ordered that Petróleo pay BSJI $39,270,078 (principal and contractual interest to the date of the order) by July 24, 2021; interest of 11% per year under "Loan 1" and 10.8% per year under "Loan 2"; and costs (to be subject to detailed assessment if not agreed). *Id.* at B-21 (Order, ¶¶ 1–3).

27.     This order became enforceable on July 24, 2021. *Id.* at B-2 (Certificate, § 4.4.1).

28.     To date, Petróleo has willfully failed and refused to satisfy the 2021 Judgment rendered by the U.K. Court in favor of BSJI. As of September 30, 2022, Petróleo owes BSJI $43,492,585.62 under the 2017 Credit Agreement ($30,951,078 in principal plus interest in the amount of $12,541,507.62).

## IV.   COUNT 1 – 2020 JUDGMENT

### (Recognition of Foreign Judgment)
### Uniform Foreign-Country Money Judgments Recognition Act,
### 10 Del. C. § 4801, *et seq.*

29.     The allegations in paragraphs 1–28 of this Complaint are incorporated herein by reference.

30.     Foreign judgments are entitled to recognition under principles of comity. In recognition of this fact, Delaware has adopted the Uniform Foreign-Country Money Judgments Recognition Act ("UFMJRA").

31.     The 2020 Judgment at issue in this action was rendered by the U.K. Court in the United Kingdom, a foreign country as defined and set forth in the UFMJRA. *See* 10 Del. C. § 4801(1).

32.     The 2020 Judgment entered by the U.K. Court is final and conclusive and enforceable where rendered.

33.     The English courts, including but not limited to the U.K. Court, had personal jurisdiction over PDVSA in the underlying actions pursuant to the exclusive jurisdiction clause in the 2016 and 2017 Credit Agreements to which PDVSA agreed.

34.     PDVSA, which appeared and was represented by counsel throughout the proceeding leading to the 2020 Judgment, did not object to either the personal or subject matter jurisdiction of the U.K. Court.

35.     All issues presented to and before the U.K. Court in the underlying actions were adjudicated in a manner that comports with traditional American notions of due process.

36.     All proceedings in the underlying actions were regularly held and preceded by due notice to the parties.

37.     PDVSA had a full and fair opportunity to present defenses to each of the claims raised by BSJI in the underlying actions and fully availed itself, through counsel, of such opportunities.

38.     The 2020 Judgment rendered by the U.K. Court is supported by the documentary evidence and witness testimony presented to it as well as the duly cited decisional law. The judgment is not in conflict with any other final or conclusive judgment and is not repugnant to the public policy of the State of Delaware.

## V.     COUNT 2 – 2021 JUDGMENT

**(Recognition of Foreign Judgment)**
**Uniform Foreign-Country Money Judgments Recognition Act,**
**10 Del. C. § 4801, *et seq.***

39.     The allegations in paragraphs 1–38 of this Complaint are incorporated herein by reference.

40.     Foreign judgments are entitled to recognition under principles of comity. In recognition of this fact, Delaware has adopted the UFMJRA.

41.     The 2021 Judgment at issue in this action was rendered by the U.K. Court in the United Kingdom, a foreign country as defined and set forth in the UFMJRA. *See* 10 Del. C. § 4801(1).

42.     The 2021 Judgment entered by the U.K. Court is final, conclusive, and enforceable where rendered.

43.     The English courts, including but not limited to the U.K. Court, had personal jurisdiction over Petróleo in the underlying actions pursuant to the exclusive jurisdiction clause in the 2017 Credit Agreement to which Petróleo agreed.

44.     Petróleo, which did not appear in the proceeding leading to the 2021 Judgment but was represented by counsel in connection with BSJI's summary judgment application, did not object to either the personal or subject matter jurisdiction of the U.K. Court.

45.     All issues presented to and before the U.K. Court in the underlying actions were adjudicated in a manner that comports with traditional American notions of due process.

46.     All proceedings in the underlying actions were regularly held and preceded by due notice to the parties.

47.     Petróleo had a full and fair opportunity to present defenses to each of the claims raised by BSJI in the underlying actions. The U.K. Court found ample evidence that Petróleo had been served and had an opportunity to participate in the proceedings.

48.     The 2021 Judgment rendered by the U.K. Court is supported by the documentary evidence and witness testimony presented to it as well as the duly cited decisional law. The judgment is not in conflict with any other final or conclusive judgment and is not repugnant to the public policy of the State of Delaware.

## VI.    RELIEF REQUESTED

WHEREFORE, BSJI respectfully asks this Court to enter an Order:

Recognizing the Final Judgments and Orders entered by The High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) in and pursuant to

a.  *Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, No. [2020] EWHC 2937 (Comm); and

b.  *Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, No. [2021] EWHC 1949 (Comm).

And awarding such other and further relief that this Court deems appropriate, including, but not limited to, attorneys' fees and costs.

MDSU W0327379.v1

Dated: October 5, 2022

Respectfully submitted,

MCCOLLOM D'EMILIO SMITH
UEBLER LLC

*/s/ Thomas A. Uebler*
Thomas A. Uebler (#5074)
2751 Centerville Rd., Suite 401
Wilmington, DE 19808
Phone: (302) 468-5960
Fax: (302) 691-6834
Email: tuebler@mdsulaw.com


WINSTON & STRAWN LLP

*/s/ Paula W. Hinton*
Paula W. Hinton*
Kelly Librera*
M. Imad Khan*
Rachael E. Thompson*
800 Capitol St., Suite 2400
Houston, TX 77002
Phone: (713) 651-2600
Fax: (713) 651-2700
Email:  phinton@winston.com
        klibrera@winston.com
        ikhan@winston.com
        rthompson@winston.com


***Counsel for Banco San Juan
Internacional, Inc.***

 * *pro hac vice forthcoming*

MDSU W0327379.v1