# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., | |
| *Plaintiff*, | C.A. No. 1:22-CV-01315-LPS |
| v. | |
| PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., | |
| *Defendants*. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR FOR LEAVE TO FILE A SUR-REPLY

OF COUNSEL:

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law

*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

March 27, 2023

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT.........................................................................................................................2

    I.      Plaintiff's Motion to Strike Should be Denied .......................................................2

           A.      The PDVSA *Ad Hoc* Board Argued in the Motion to Dismiss that It Had Not Been Served in This Case ...........................................................3

           B.      Defendants are Entitled to Respond to Plaintiff's Newly-Asserted Waiver Argument and Evidence in Support Thereof .................................5

           C.      Defendants Have Neither Raised nor Waived the Merits in this Case...................................................................................................6

    II.     This Court Should Deny Plaintiff's Motion for Leave to File a Surreply ...............6

CONCLUSION......................................................................................................................7

## **TABLE OF AUTHORITIES**

Pg.

**Cases**

*Boston Scientific Scimed, Inc. v. Cordis Corp.*,
  434 F. Supp.2d 308 (D. Del. 2006)..................................................................................... 3

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) ......................................................................................... 5

*Cornell Univ., Cornell Rsch. Found., Inc. v. Illumina, Inc.*,
  C. A. No. 10-433-LPS-MPT, 2018 U.S. Dist. LEXIS 246371 (D. Del. Feb. 5, 2018) .............. 6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
  932 F.3d 126 (3d Cir. 2019) ............................................................................................... 4

*EMC Corp. v. Pure Storage, Inc.*,
  154 F. Supp. 3d 81 (D. Del. 2016)...................................................................................... 6

*Enron Nig. Power Holding, Ltd. v. Fed. Republic of Nig.*,
  225 F. Supp. 3d 18 (D.D.C. 2014)...................................................................................... 4

*Execware, LLC v. BJ's Wholesale Club, Inc. et al.*,
  C. A. No. 14-233-LPS, 2015 U.S. Dist. LEXIS 92127 (D. Del. July 15, 2015) ....................... 6

*f'real Foods, LLC v. Hamilton Beach Brands, Inc.*,
  Civil Action No. 16-41-CFC, 2020 U.S. Dist. LEXIS 111706 (D. Del. June 24, 2020)............ 3

*Guaranty Trust Co. v. United States*,
  304 U.S. 126 (1938).......................................................................................................... 4

*In re Fleming Co.*,
  316 B.R. 809 (D. Del. 2004).............................................................................................. 3

*Jiménez v. Palacios*,
  250 A.3d 814 (Del. Ch. 2019) ........................................................................................... 4

*PDVSA United States Litig. Tr. v. Lukoil Pan Ams. LLC*,
  No. 22-10675, 2023 U.S. App. LEXIS 5950 (11th Cir. Mar. 13, 2023) ................................. 4

*Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*,
  836 F.2d 173 (3d Cir. 1988) .............................................................................................. 5

*Rusoro Mining Ltd. v. Bolivarian Republic of Venez.*,
  No. 18-7044, 2019 U.S. App. LEXIS 17543 (D.C. Cir. May 1, 2019) .................................... 4

*Wilmot v. Marriott Hurghada Mgmt.*,
  No. 15-618-RGA-MPT, 2016 U.S. Dist. LEXIS 59592 (D. Del. May 5, 2016) ................... 3, 5

**Statutes/ Rules**

10 Del. C. § 4803(b) ............................................................................................................................ 6

10 Del. C. § 4803(c) ............................................................................................................................ 6

D. Del. Local Rule 7.1.3(c)(2) ................................................................................................. passim

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................... 6

U.S.C. § 1608(b)(1) ............................................................................................................................ 4

Defendants respectfully submit this Opposition to Plaintiff's Motion to Strike, or Alternatively, For Leave to File a Sur-reply (the "Motion to Strike").[1]

**INTRODUCTION**

Defendants have thoroughly exposed Plaintiff's gambit of attempting to keep the PDVSA *ad hoc* Board – *i.e.* the owner of the PDVH shares and the only entity with standing to represent PDVSA in the U.S. – in the dark about the existence of this case and the underlying facts. Plaintiff intentionally chose not to give any notice of this case to the PDVSA *ad hoc* Board, then introduced new arguments and evidence in its Opposition papers that Plaintiff previously withheld. Now, unable to make any response, Plaintiff asks the Court to deprive Defendants of the right to a fair opportunity to address such new arguments and evidence. The Motion to Strike is frivolous and should be denied.

As an initial matter, Plaintiff is not asking this Court to strike any arguments relating to venue. This Court can, and should, dismiss this case on venue grounds without addressing the substance of the Motion to Strike.

But even if this Court were to consider the Motion to Strike, granting such a motion is an extraordinary remedy that is not warranted in this case. While Plaintiff relies on Local Rule 7.1.3(c)(2), that Rule merely states that a moving party should not "reserve material for the reply brief which should have been included in a full and fair opening brief." But if anyone "reserve[d] material," it was Plaintiff who chose to submit new evidence in connection with its Opposition brief that could have, and should have, been disclosed much earlier. For the first time, Plaintiff introduced evidence and arguments showing that its attempts at service were aimed only at persons affiliated with the Maduro regime in Venezuela. For the first time

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in Defendants' Motion. D.I. 17.

Plaintiff submitted documents with evidence of a purported waiver of immunity. Defendants were clearly entitled to respond to those new arguments and evidence in Plaintiff's Opposition papers.

Plaintiff's alternative argument that it should be afforded a sur-reply should likewise be denied. Again, Plaintiff is not seeking a sur-reply to address venue, and therefore a sur-reply would be a waste of time as this Court is not the proper venue for this case. Furthermore, Plaintiff has not identified any colorable arguments that could be made in a sur-reply. But even if Plaintiff had any arguments for a sur-reply, those arguments should have been raised in its opposition papers. Plaintiff could have submitted all of its evidence relating to service of process in its proof of service. It did not. Plaintiff could have and should have invoked the FSIA's waiver exception in the Complaint. It did not. It is Plaintiff that has attempted to sandbag the Defendants and its conduct should not be rewarded.

## ARGUMENT

I. **Plaintiff's Motion to Strike Should be Denied**

Plaintiff asks this Court to strike three supposedly "new" arguments in Defendants' Reply: (a) that Plaintiff failed to serve the *ad hoc* Board; (b) that the PDVSA *ad hoc* Board did not waive immunity; and (c) that the U.K. judgments are unenforceable on the merits. D.I. 26 at 3. As an initial matter, none of these arguments are related to Defendants' defense that this case must be dismissed because this Court is not the proper venue. *See* D.I. 17 at 8-13; D.I. 23 at 3-5. This Court should therefore dismiss this case on venue grounds without even addressing the substance of the Motion to Strike. But even if this Court considers the Motion to Strike, that Motion is frivolous and should be denied on the merits.

Plaintiff relies on D. Del. Local Rule 7.1.3(c)(2), which states that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a

2

full and fair opening brief." However, as this Court has held, "arguments in a reply brief responsive to positions and new information raised in an opposition brief do not violate D. Del. LR 7.1.3(c)(2)." *Wilmot v. Marriott Hurghada Mgmt.*, No. 15-618-RGA-MPT, 2016 U.S. Dist. LEXIS 59592, at *11-12 (D. Del. May 5, 2016) (citing to "*Boston Scientific Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 313-14 (D. Del. 2006) [*rev'd in part on other grounds*, 554 F.3d 982 (Fed. Cir. 2009)] (finding that arguments in alleged infringer's reply brief were responsive to arguments raised in the opposition brief and thus did not violate the local rule governing form and content of briefs)."); *f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, Civil Action No. 16-41-CFC, 2020 U.S. Dist. LEXIS 111706, at *2 (D. Del. June 24, 2020) (same); *In re Fleming Cos.*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (similar). Here, the arguments that Plaintiff seeks to strike were either raised in the Motion to Dismiss or were properly raised in response to the new arguments and evidence that Plaintiff inexplicably chose to withhold until submitting its Opposition papers.

    **A.    The PDVSA *Ad Hoc* Board Argued in the Motion to Dismiss that It Had Not Been Served in This Case**

Plaintiff contends that PDVSA failed to argue that the PDVSA *ad hoc* Board had not been served in its Motion to Dismiss for failure to serve process and that this argument was raised for the first time in the Reply. Not so. In their Motion to Dismiss, Defendants argued that Plaintiff failed to serve the Defendants in accordance with the FSIA's exclusive provisions for serving foreign sovereign defendants. D.I. 17 at 2. Defendants noted Plaintiff purported to serve an unrelated third party, Maples & Calder, pursuant to an alleged "special arrangement" and that the affidavits submitted by Maples & Calder did not state that Maples & Calder had any contact information for anyone at PDVSA or PPSA or that they had provided any notice of these proceedings to either Defendant. D.I. 17 at 7, 13-16. Just as in their Reply, Defendants argued

3

there that such service was not calculated to give notice to PDVSA and that the "special arrangement" did not provide for service in the U.S. as required. *See id.* at 14-15 (citing to 28 U.S.C. § 1608(b)(1); *Enron Nig. Power Holding, Ltd. v. Fed. Republic of Nig.*, 225 F. Supp. 3d 18, 22-23 (D.D.C. 2014)). Obviously the reference was to the *ad hoc* Board, as it is the only entity with the standing to appear on behalf of PDVSA, the only entity that owns the PDVH shares, and the only entity that appeared in this action. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 135 n.2 (3d Cir. 2019) (citing *Guaranty Trust Co. v. United States*, 304 U.S. 126, 138 (1938)); *Rusoro Mining Ltd. v. Bolivarian Republic of Venez.*, No. 18-7044, 2019 U.S. App. LEXIS 17543, at *1-2 (D.C. Cir. May 1, 2019); *Jiménez v. Palacios*, 250 A.3d 814, 830-31 (Del. Ch. 2019), *aff'd*, 237 A.3d 68 (Del. 2020).

Plaintiff was well-aware of the various other creditor cases pending before this Court and well-aware that the *ad hoc* Board is the only entity representing PDVSA in those cases and is the owner of the PDVH shares Plaintiff seeks to pursue. Plaintiff was also no doubt aware of the decisions in this Court and others holding that the *ad hoc* Board is the only entity with the authority to represent PDVSA in U.S. Courts. Indeed, this principle was again confirmed earlier this month in a case decided in the 11th Circuit, *PDVSA United States Litig. Tr. v. Lukoil Pan Ams. LLC*, No. 22-10675, 2023 U.S. App. LEXIS 5950, at *17-18 (11th Cir. Mar. 13, 2023). Plaintiff knowingly and deliberately withheld information that made clear it had in fact chosen to attempt service on the Maduro PDVSA, which as a matter of law cannot even be heard in this Court to defend the action.

For the first time in their Opposition, Plaintiff attached evidence showing Maples & Calder forwarded the summons and complaint on to individuals in Venezuela from the Maduro PDVSA. Defendants responded to this new information in their Reply by explaining the

4

difference between the Maduro and *ad hoc* Board of PDVSA and explaining why such service is deficient.  This is not a new argument; it is part and parcel of Defendants' original argument that service was improper.  And even if it were a new argument, it is "responsive to positions and new information raised in [Plaintiff's] opposition brief" and therefore "do[es] not violate D. Del. LR 7.1.3(c)(2)" and is entirely proper.  *See Wilmot*, 2016 U.S. Dist. LEXIS 59592, at *11-12.

> **B.    Defendants are Entitled to Respond to Plaintiff's Newly-Asserted Waiver Argument and Evidence in Support Thereof**

Plaintiff argues Defendants should be precluded from responding to Plaintiff's belated argument that they waived sovereign immunity.  However, Defendants were unaware of any purported waiver and Plaintiff never asserted it until its Opposition.

Defendants predicated their original subject matter jurisdiction argument on Plaintiff's failure to assert an exception to the FSIA in its Complaint.  Plaintiff was obligated to specifically invoke one of the FSIA's statutory exceptions, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1313 (11th Cir. 2009), but it failed to do so.  And while deficient Complaints cannot be amended through oppositions to a motion to dismiss, *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988), that is exactly what Plaintiff attempts to do here, claiming for the first time in its Opposition that PDVSA and PPSA waived sovereign immunity and attaching for the first time the underlying credit agreements with the purported waiver provisions.  Plaintiff reserved sharing the credit agreements until its Opposition, which was the first time Defendants and their counsel had ever seen those agreements.  And now Plaintiff seeks to deprive Defendants of an opportunity to respond to this new evidence and Plaintiff's new argument.

Defendants are clearly entitled to respond to Plaintiff's waiver arguments raised for the first time in Plaintiff's Opposition.  *See Wilmot*, 2016 U.S. Dist. LEXIS 59592, at *11-12.

      **C.     Defendants Have Neither Raised nor Waived the Merits in this Case**

Plaintiff argues that Defendants waived the argument that the U.K. judgments are unenforceable on the merits. However, Defendants did not move to dismiss the Complaint on the merits under Fed. R. Civ. P. 12(b)(6) and had no obligation to do so. Based on the new evidence Plaintiff submitted with its Opposition brief, it is clear there are serious deficiencies on the merits of its claim, *see* 10 Del. C. §§ 4803(b)(2), 4803(c) (1), (3), (8), and Defendants merely previewed the issues that it faces in the appropriate venue.

**II.    <u>This Court Should Deny Plaintiff's Motion for Leave to File a Surreply</u>**

Plaintiff's alternative motion for leave to file a sur-reply if this Court denies its motion to strike should also be denied. "Courts in this district disfavor sur-replies." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (citing to D. Del. Loc. R. 7.1.2(b)). "Thus, generally, leave to file a sur-reply is granted only where the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief." *Id*.

As explained above, the arguments set forth in Defendants' Reply brief either expound on arguments Defendants had already made in their opening brief, or are directly responsive to arguments Plaintiff first made in its Opposition. *See Cornell Univ., Cornell Rsch. Found., Inc. v. Illumina, Inc.*, C. A. No. 10-433-LPS-MPT, 2018 U.S. Dist. LEXIS 246371, at *19 (D. Del. Feb. 5, 2018); *Execware, LLC v. BJ's Wholesale Club, Inc. et al.*, C. A. No. 14-233-LPS, 2015 U.S. Dist. LEXIS 92127, at *2 n.3 (D. Del. July 15, 2015), *reversed in part on other grounds by Execware, LLC v. BJ's Wholesale Club, Inc.*, C.A. No. 14-233-LPS, 2015 U.S. Dist. LEXIS 132387 (D. Del. Sept. 30, 2015); *see also In re Fleming Cos., Inc.,* 316 B.R. 809, 815 n.3 (D. Del. 2004). The motion for leave to file a sur-reply should be denied.

## CONCLUSION

This Court should deny Plaintiff's Motion to Strike, or Alternatively, For Leave to File a Sur-reply.

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law

*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

OF COUNSEL:

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

Dated: March 27, 2023