IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 1:22-CV-01315-LPS |
| PETRÓLEOS DE VENEZUELA S.A. and PDVSA PETRÓLEO, S.A., | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS'
NEW ARGUMENTS AND EVIDENCE OR, ALTERNATIVELY, FOR LEAVE TO FILE
A SUR-REPLY**

Plaintiff Banco San Juan Internacional ("BSJI") respectfully submits this reply in support of its motion to strike new arguments and evidence introduced in Defendants' Reply Brief in Support of Defendants' Motion to Dismiss in violation of Local Rule 7.1.3(c)(2). D.I. 23; D.I. 24. Local Rule 7.1.3(c)(2) provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief," which rule this Court has routinely applied to exclude new arguments and evidence in reply briefs. D.I. 26 at 2 (citing District of Delaware cases).

**A. Defendants fail to dispute that all but one of the identified arguments in BSJI's motion were newly made in their reply.**

Through its Motion to Strike, BSJI seeks to strike Defendants' three new arguments that (1) BSJI was required to but did not serve PDVSA's ad hoc Board, (2) PDVSA's ad hoc Board has not waived immunity in the Credit Agreements between BSJI and Defendants, and (3) BSJI's 2020 and 2021 U.K. Judgments are unenforceable on the merits, and also strike

Defendants' new evidence in the form of the Declaration of Julian Cardenas Garcia ("Garcia Declaration"). *Id.* at 2–4. Critically, Defendants challenge only the first of these items.

For example, Defendants do not assert that their new arguments concerning the alleged immunity of PDVSA's ad hoc Board were validly included in their reply. D.I. 28 at 5. This argument was never raised in Defendants' opening brief, and Defendants do not now contend otherwise. D.I. 26 at 3; D.I. 28 at 5. As the Third Circuit and this Court have held, it is "inappropriate to raise an argument for the first time in a Reply brief" because it is "prejudicial and unfair," and therefore, newly asserted positions "are deemed to be waived." *Oberwager v. McKechnie Ltd.*, 351 F. App'x 708. 711 n.5 (3d Cir. 2009); *Socket Mobile, Inc. v. Cognex Corp.*, 2017 WL 3575582, at *5 (D. Del. Aug. 18, 2017) (citing *Werner v. Werner*, 267 F.3d 288, 302 (3d Cir. 2001) and *United States v. Cruz*, 757 F.3d 372, 387–88 (3d Cir. 2014)). Accordingly, Defendants' new argument that the ad hoc Board has immunity should be stricken as waived.

Similarly, Defendants themselves acknowledge that they are not arguing the enforceability of the U.K. judgments at this stage. D.I. 28 at 6. Therefore, this Court need not consider or reach any decision on that position, which also was improperly raised for the first time on reply.

Further, Defendants appear to admit that the Garcia Declaration was improperly included on reply. *See generally id.* (no challenge to BSJI's argument that the Garcia Declaration was improperly included). For all the reasons cited in BSJI's Motion to Strike, the Garcia Declaration should also be stricken. D.I. 26 at 4 (citing *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005); *Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 439 (D. Del. 2010) (Stark, J.)).

**B. Defendants only argue that they properly raised that PDVSA's ad hoc Board has not been served.**

In their opposition to BSJI's Motion to Strike, Defendants maintain that their argument that PDVSA's ad hoc Board has not been served "is not a new argument." D.I. 28 at 3–5. However, a review of Defendants' motion to dismiss and supporting opening brief shows that Defendants made no mention of the purported necessity to serve PDVSA's ad hoc Board in those papers and never argued that the Board had not been properly served under the Foreign Sovereign Immunities Act ("FSIA"). D.I. 16; D.I. 17 at 3, 13–16. Instead, Defendants challenged service based *solely* on whether BSJI properly served *the Defendants* (not PDVSA's ad hoc Board) under the FSIA and, in fact, made no mention whatsoever of the necessity of service on the Board. D.I. 17 at 3, 15.[1] Indeed, the term "ad hoc Board" appears nowhere in Defendants' opening papers. *See generally* D.I. 16 & 17.

Under Local Rule 7.1.3(c)(2), Defendants should have explained in their opening papers how service on PDVSA's ad hoc Board informed proper service on both Defendants. Doing so would have given BSJI notice of Defendants' argument and allowed BSJI the opportunity to respond. But Defendants failed to do so and instead chose to wait to raise this argument in their reply. This constitutes "impermissible sandbagging," which is "prejudicial and unfair" to BSJI because it has not had the opportunity to respond. *In re Student Fin. Corp.*, 2004 WL 609329, at *3 n.4 (citing *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002)); *Socket Mobile*, 2017 WL 3575582, at *5 (citing *Werner*, 267 F.3d at 302).

---

[1] For example, Defendants argued that BSJI "*failed to serve Defendants* in accordance with the FSIA's exclusive provisions for serving foreign sovereign defendants" and challenged whether there exists a "special arrangement for service" between BSJI and *Defendants*. D.I. 17 at 2–3 (emphasis added).

Defendants alternatively argue that even if this argument is new, it is permissible because it is responsive to new information that Maples notified Defendants of this litigation in Venezuela. This argument fails for two reasons. *First*, Maples' notification to Defendants of these proceedings in Venezuela has no bearing on BSJI's compliance with its service obligation under the FSIA. As already explained, BSJI was contractually obligated to serve Defendants through their duly appointed process agent Maples. D.I. 21 at 8–10. BSJI complied with this obligation when it served Maples. D.I. 13, 14. Actions that Maples subsequently undertook to notify Defendants of this litigation are matters between Maples and Defendants, which do not negate BSJI's proper service. *Second*, this information is not new. Defendants and PDVSA's ad hoc Board should have known that Maples would notify Defendants of this litigation in Venezuela well before Defendants filed their motion to dismiss. The 2021 U.K. Judgment, which was exhibited with BSJI's Complaint, explained that in the U.K. litigation, Maples notified Defendants of the U.K. litigation *in Venezuela*. D.I. 1–2, ¶ 31. Defendants should have known that Maples would likewise notify Defendants of these proceedings in Venezuela as well. Defendants argue that they were unaware of how Maples notified Defendants of this litigation until BSJI filed its opposition to the motion to dismiss. However, Defendants fail to explain whether they attempted to timely gather this information from their own process agent Maples or from BSJI through early discovery (which they did not). For these reasons, Defendants' new argument is not permissible under Local Rule 7.1.3(c)(2).

C.  **In the event this Court were to consider Defendants' belated arguments or evidence, this Court should allow BSJI to file a sur-reply.**

Under Local Rule 7.1.2(b), BJSI should be granted the opportunity to submit a sur-reply to respond to Defendants' belated arguments and evidence within 14 days of the Court's Order. BSJI and Defendants agree that a sur-reply is appropriate "if it responds to new evidence, facts,

or arguments." *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (Stark, J.); *see* D.I. 28 at 6 (citing Delaware law for the same proposition). As explained above and in BSJI's Motion to Strike, Defendants argument concerning the purported need to serve PDVSA's ad hoc Board is new, and BSJI is entitled to respond to it. Likewise, if the Court considers any other new argument or evidence raised by Defendants, even though Defendants have otherwise not challenged striking it, BSJI should be given an opportunity to respond.

WINSTON & STRAWN LLP

Paula W. Hinton
M. Imad Khan
Rachael E. Thompson
800 Capitol St., Suite 2400
Houston, TX 77002
Phone: (713) 651-2600
Fax: (713) 651-2700
phinton@winston.com
ikhan@winston.com
rthompson@winston.com

Kelly A. Librera
200 Park Avenue
New York, NY 10166
Phone: (212) 294-6700
Fax: (212) 294-4700
klibrera@winston.com

March 29, 2023

MCCOLLOM D'EMILIO SMITH UEBLER LLC

*/s/ Thomas A. Uebler*
Thomas A. Uebler (#5074)
Adam J. Waskie (#6217)
2751 Centerville Rd., Suite 401
Wilmington, DE 19808
Phone: (302) 468-5960
Fax: (302) 691-6834
tuebler@mdsulaw.com
awaskie@mdsulaw.com

***Attorneys for Plaintiff Banco San Juan
Internacional, Inc.***