IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., § § § Plaintiff, § § v. § § PETRÓLEOS DE VENEZUELA S.A. and PDVSA PETRÓLEO, S.A., § § § Defendants. § | Case No. 1:23-cv-01263 |

**PLAINTIFF'S UNOPPOSED MOTION UNDER RULE 15(a)(2)
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Banco San Juan Internacional ("BSJI") respectfully moves for leave to file its First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). In accordance with Local Rule 15.1, BSJI's First Amended Complaint is attached to this motion as Exhibit 1. In support of this motion, BSJI states as follows:

**BACKGROUND**

BSJI and Defendants Petróleos de Venezuela S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("PPSA") entered into credit agreements allowing PDVSA to borrow tens of millions of dollars from BSJI. PPSA guaranteed a certain portion of PDVSA's loans. After receiving loan disbursements, PDVSA defaulted and failed to pay back almost $80 million. BSJI therefore sued PDVSA in the United Kingdom pursuant to the forum selection clause in the credit agreement between BSJI and PDVSA. In December 2020, the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) in the United Kingdom (the "U.K. Court") entered a final, conclusive, and enforceable judgment ordering PDVSA to pay BSJI the sum of $83,886,346 plus interest.

Thereafter, BSJI sought payment from PDVSA's guarantor PPSA, but PPSA also failed to comply with its contractual obligation to pay BSJI. BSJI sued PPSA in the United Kingdom pursuant to the forum selection clause in the credit agreement among BSJI, PDVSA, and PPSA. In July 2021, the U.K. Court entered a final, conclusive, and enforceable judgment ordering that PPSA pay BSJI $39,270,078 plus interest.

To date, PDVSA and PPSA have willfully failed and refused to satisfy the U.K. judgments, and they currently owe BSJI almost $101 million. BSJI seeks to recognize and enforce the U.K. judgments against Defendants in the United States. To this end, in October 2022, BSJI filed its "Complaint for Recognition of Plaintiff's Foreign Money Judgments" in the United States District Court for the District of Delaware seeking to enforce the foreign judgments under Delaware's Uniform Foreign-Country Money Judgments Recognition Act. The Delaware District Court, however, granted Defendants' motion to transfer the case to this District pursuant to 28 U.S.C. § 1391(f)(4). ECF No. 31. Therefore, BSJI moves to amend its Complaint to invoke the District of Columbia's Uniform Foreign-Country Money Judgments Recognition Act of 2011. *See* D.C. Code § 15-361 et seq. Furthermore, BSJI's First Amended Complaint incorporates facts and evidence already in the record in support of its action for recognition of the U.K. judgments.[1]

---

[1] In the Delaware District Court, Defendants filed a motion to dismiss challenging subject matter jurisdiction, personal jurisdiction, and service of process, and in response, BSJI put forth additional facts and evidence to rebut Defendants' challenges, which facts and evidence are incorporated in the First Amended Complaint. The Delaware District Court did not rule on Defendants' challenges to subject matter jurisdiction, personal jurisdiction, and service of process. ECF No. 31.

**ARGUMENT**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In ruling on a motion for leave, "this Court must employ the liberal leave policy of Rule 15(a)(2), as made clear by the Supreme Court in *Foman v. Davis*." *Norris v. Salazar*, 746 F. Supp. 2d 1, 3 (D.D.C. 2010) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). This Court therefore has held that "amendments are to be freely given absent good reason," *Est. of Gaither v. Dist. of Columbia*, 272 F.R.D. 248, 253 (D.D.C. 2011), like undue delay, dilatory motive, repeated failure to cure deficiencies by prior amendments, and undue prejudice to the opposing party. *See Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297, 299 (D.D.C. 2019).

Here, there is no good reason to refuse BSJI leave to file its First Amended Complaint. There has been no undue delay or dilatory motive on BSJI's part given that BSJI moved quickly to amend. This case was transferred from Delaware and opened in this District only last week, on May 8. Further, this Court has not yet entered a scheduling order. Minimal delays at this point in the litigation do not constitute undue delay. *See Norris*, 746 F. Supp. 2d at 4. Further, this is BSJI's first attempt to amend its complaint, so there is no history of repeated attempts to amend. *Id.*

Likewise, granting BSJI leave to amend will not unduly prejudice Defendants. This Court finds an amendment to be unduly prejudicial when it "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation" or raises issues that "are remote from the other issues in the case." *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (2d ed. 1990)). That is not the case

3

here. BSJI's First Amended Complaint does not raise any new issues, nor does it change the theory of the case. The primary difference between the original complaint and the amended complaint is that BSJI now invokes D.C.'s Uniform Foreign-Country Money Judgments Recognition Act—nearly identical to the Delaware statute—as it is required to do. Because the First Amended Complaint does not alter the scope and nature of the action, it should be granted. *See Est. of Gaither*, 272 F.R.D. at 252 ("Amendments that do not radically alter the scope and nature of the action . . . are especially favored."); *Int'l Union, United Mine Workers of Am. v. CONSOL Energy Inc.*, No. 1:20-CV-1601475 (CJN), 2020 WL 7042815, at *2 (D.D.C. Dec. 1, 2020).

Based on the foregoing, BSJI respectfully requests that the Court grant its motion for leave to file an amended complaint and accept the attached First Amended Complaint for filing.

Dated: May 26, 2023

| | |
|---|---|
| Paula W. Hinton* <br> M. Imad Khan* <br> Rachael E. Thompson* <br> WINSTON & STRAWN LLP <br> 800 Capitol St., Suite 2400 <br> Houston, TX 77002 <br> Phone: (713) 651-2600 <br> Fax: (713) 651-2700 <br> phinton@winston.com <br> ikhan@winston.com <br> rthompson@winston.com <br><br> Kelly A. Librera* <br> WINSTON & STRAWN LLP <br> 200 Park Avenue <br> New York, NY 10166 <br> Phone: (212) 294-6700 <br> Fax: (212) 294-4700 <br> klibrera@winston.com <br><br> *Counsel for Banco San Juan Internacional, Inc.* | */s/ Francie Berger* <br> Francie Berger <br> WINSTON & STRAWN LLP <br> 1901 L St. NW <br> Washington, D.C. 20036 <br> Telephone: 202-282-5000 <br> Facsimile: 202-282-5100 <br> fberger@winston.com <br><br> *Counsel for Plaintiff Banco San Juan Internacional Inc.* |

* *pro hac vice* forthcoming

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7(m), counsel for Plaintiff certifies that they conferred with counsel for Defendants regarding the relief requested in this motion. Defendants do not contest the relief requested.

Further, the Parties have agreed to the following briefing schedule, subject to the Court's approval: Defendants will have 28 days from the date Plaintiff's Amended Complaint is deemed filed with the Court to file its motion to dismiss; Plaintiff will then have 21 days to file its response; and Defendants will have 14 days to file its reply.

## CERTIFICATE OF SERVICE

    I hereby certify that on May 26, 2023 a true and correct copy of the foregoing was served via ECF to all counsel of record.

                                                    */s/ Francie Berger*
                                                    Francie Berger