IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., *Plaintiff*, v. PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., *Defendants*. | C.A. No. 1:23-CV-1263 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR AN EXPEDITED STATUS CONFERENCE**

Defendants oppose Plaintiff's Motion for an Expedited Status Conference ("Motion").[1] D.I. 57. Although framed as a request for a status conference, the Motion is, in reality, an improper and baseless motion for reconsideration of this Court's prior decision denying Plaintiff's motion for summary judgment as premature. *See* Minute Order, entered August 11, 2023. The Motion explicitly states that Plaintiff is seeking a status conference for the purpose of setting a "schedule for [Plaintiff] to file its summary judgment motion." D.I. 57 at p. 3. But this Court already denied Plaintiff's motion for summary judgment as premature in light of Defendants' pending motion to dismiss. *See* Minute Order. Plaintiff offers no reason for this Court to revisit its prior decision. Nor could it. The Motion should be denied.

As an initial matter, any motion for summary judgment would be moot if the Court grants Defendants' pending motion to dismiss. Moreover, Defendants' motion to dismiss seeks

---

[1] Defendants are responding to Plaintiff's Motion on an expedited basis because, while Plaintiff appended a certification that the parties met and conferred under Local Rule 7(m), Plaintiff did not apprise the Court in the body of its Motion that Defendants oppose the Motion.

dismissal for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA").  It would be inappropriate and premature to force Defendants to respond to a motion for summary judgment on the merits prior to a resolution of its pending motion to dismiss under the FSIA.  As the Supreme Court has explained, resolving the question of immunity at the summary judgment stage could improperly deprive a foreign sovereign defendant of its right to an immediate interlocutory appeal of the foreign sovereign immunity issue.  *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1323 (2017).  In fact, even granting Plaintiff's request for a scheduling order to brief a summary judgment motion would constitute an impermissible infringement on Defendants' immunity under the FSIA.  *See Process & Industrial Development Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020) (vacating order that directed foreign sovereign defendant to brief the merits of petition to confirm an arbitral award during the pendency of its motion to dismiss under the FSIA as improperly violating the defendant's foreign sovereign immunity).  Even putting aside the Defendants' pending motion to dismiss and its foreign sovereign immunity, summary judgment would still be inappropriate and premature because Defendants have not had the opportunity to take discovery.[2]  Plaintiff has repeatedly withheld critical information and misrepresented facts in this case, and its insistence on moving for summary judgment without any discovery only raises further questions about what other inconvenient facts Plaintiff may be withholding from the Defendants and the Court.[3]

---

[2] Plaintiff's assertion that PDVSA's obligation to pay is uncontested is also premature.  D.I. 57 at p. 2.  PDVSA has not yet filed an answer to the complaint or taken any discovery.

[3] There are many unanswered questions concerning both the U.K proceedings and the underlying transactions.  For example, Plaintiff was allegedly under investigation on charges of money laundering and evading U.S. sanctions – investigations that apparently included the underlying credit agreements at issue in this case.  *See* Reuters, *Puerto Rican Bank Sues New York Fed For Suspending Account In Venezuela-Linked Crackdown* (July 25, 2023),

Plaintiff also argues that an emergency status conference is needed to discuss unrelated proceedings in Delaware involving a proposed judicial sale of PDVSA's shares of PDV Holding, Inc. ("PDVH") to satisfy writs of attachments obtained by a number of judgment creditors in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS (D. Del.). Nothing significant has happened in those proceedings since this Court denied Plaintiff's motion for summary judgment as premature roughly a month ago. To be sure, before Plaintiff even filed its prior motion for summary judgment, the Delaware court in *Crystallex* had already stated that it intends to set a deadline for creditors to obtain a writ of attachment of the PDVH shares and thus participate in the sale of those shares. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela,* No. 17-151-LPS, 2023 U.S. Dist. LEXIS 129895, at *18 (D. Del. July 27, 2023). But no such deadline has been set. If Plaintiff should miss some future deadline ultimately set by the Delaware court, Plaintiff will have nobody but itself to blame. Plaintiff allegedly obtained a judgment against PDVSA in the U.K. in 2020, but did not seek to enforce that judgment in the U.S. until October 2022. And, when Plaintiff did commence a U.S. enforcement action, it did so in the wrong court – i.e. the U.S. District Court of Delaware – even though Plaintiff was presumably aware that the Delaware court had already determined that it was not a proper venue in similar cases by other creditors seeking to participate in the *Crystallex* proceedings. *See Crystallex Int'l Corp. v. PDV Holding Inc.,* No. 15-cv-1082-LPS, 2019 U.S. Dist. LEXIS 214167, at *25 (D. Del. Dec. 12, 2019). Thus, Plaintiff's dilatory conduct and tactical gamesmanship are responsible for any delays in these proceedings.

---

https://www.reuters.com/legal/puerto-rican-bank-sues-ny-fed-suspending-account-venezuela-linked-crackdown-2023-07-25/; *see also* Press Release, U.S. Attorney's Office for the District of Puerto Rico, *Bank Of San Juan Internacional, Inc. And The U.S. Attorney's Office For The District Of Puerto Rico Resolve Pending Litigation And Related Matters* (Feb. 11, 2020), https://www.justice.gov/usao-pr/pr/bank-san-juan-internacional-inc-and-us-attorney-s-office-district-puerto-rico-resolve.

3

Finally, Defendants' position is that a status conference to discuss the *Crystallex* proceedings would be an unnecessary waste of time and resources. Nothing in the *Crystallex* case has any relevance to the motion to dismiss pending before this Court. Nor are those proceedings in any way relevant to the substance of this case. To the extent Plaintiff believes it is appropriate to update this Court regarding the status of the *Crystallex* proceedings, its Motion achieves that goal.

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

*/s/ Joseph D. Pizzurro*
Joseph D. Pizzurro (D.C. Bar No. 468922)
Kevin A. Meehan (D.C. Bar No. 1613059)
Juan O. Perla (D.C. Bar No. 1660389)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

Dated: September 14, 2023