IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BANCO SAN JUAN INTERNACIONAL, INC., | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 1:23-cv-01263 |
| PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., | | |
| Defendants. | | |

**PLAINTIFF BANCO SAN JUAN INTERNACIONAL, INC.'S NOTICE OF STATUS UPDATE AND NEW AUTHORITY**

Plaintiff Banco San Juan Internacional, Inc. ("BSJI") respectfully provides this notice to apprise the Court of (1) recent developments in the Delaware action, *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Case No. 1:17-mc-151-LPS (D. Del.), and Department of Treasury, Office of Foreign Asset Control's ("OFAC") license pertaining to Venezuela's energy industry; and (2) new authority issued by the United States Court of Appeals for the District of Columbia Circuit in December 2023 relevant to Defendants Petróleos De Venezuela, S.A.'s ("PDVSA") and PDVSA Petróleo, S.A.'s (together, the "Defendants") Motion to Dismiss pending before this Court.

<u>Recent Developments</u>. As previously explained in BSJI's Notice of October 13, 2023, Judge Leonard P. Stark issued a Memorandum Order last October in *Crystallex* concerning the ongoing sale of PDVSA's only known assets in the United States. ECF No. 61 (citing *Crystallex Int'l Corp.*, 2023 WL 6619376 (D. Del. Oct. 11, 2023)). That Order required PDVSA's creditors, like BSJI, to obtain a writ of attachment fieri facias in the District of Delaware by January 12, 2024 in order to participate in and obtain proceeds from the sale. *Id.* As that deadline has now

passed without BSJI obtaining the writ, the Special Master appointed by Judge Stark to manage the sale of PDVSA's assets has indicated that BSJI is to be excluded from the sale process. *See* Letter from Special Master to Judge Stark, No. 1:17-mc-151-LPS (D. Del. Jan. 19, 2024), ECF Nos. 870 and 870-1. This means that BSJI likely will not be able to obtain any proceeds from the sale of PDVSA's assets in Delaware to satisfy its over $100 million judgment against the Defendants.

There remains some hope that BSJI could be paid through recognition and enforcement of the U.K. Judgments in the United States. On October 18, 2023, OFAC issued a temporary license easing energy sanctions on Venezuela. Venezuela Sanctions Regulations, 31 C.F.R. § 591, General License No. 44. This measure may allow BSJI to enforce the U.K. Judgments in jurisdictions other than Delaware, but only after this Court recognizes the U.K. Judgments. OFAC's license is valid until April 18, 2024, *id.* at (a), which provides a short window of opportunity for BSJI to finally get paid what it has been owed for years.

<u>New Authority</u>. The D.C. Circuit issued its Opinion in *Valores Mudiales, S.L. v. Bolivarian Republic of Venezuela* in December 2023. 87 F. 4th 510 (D.C. Cir. 2023). That decision addressed, among other things, Venezuela's objection that "enforcement of the ICSID awards against Venezuela would contravene the President's Recognition authority under Article II of the Constitution," *id.* at 521, which is similar to Defendants' argument in this case that recognizing and enforcing the U.K. Judgments in favor of BSJI "would be repugnant to U.S. public policy, specifically the United States' decision to recognize only the Interim Government as the legitimate government of Venezuela." ECF No. 53-1 at 19-20.[1]

---

[1] Defendants' counsel in this case advanced the recognition argument on Venezuela's behalf in *Valores*. *See Valores*, 87 F. 4th at 513 (listing Joseph D. Pizzurro and Juan O. Perla as Venezuela's counsel).

The D.C. Circuit rejected Venezuela's recognition argument, finding that "[t]his argument is clearly a non sequitur" and holding that enforcing arbitral awards against Venezuela "is *not equivalent* to recognition of the Maduro regime." 87 F. 4th at 521 (emphasis added). The Court found that enforcement does not "imply a denial of the President's recognition of the Guaidó government" and "cannot seriously be seen as an attempt by this court to 'aggrandiz[e] its power at the expense of another branch.'" *Id.* at 522 (citation omitted). The Court thus upheld the District Court's decision to enforce the awards, finding that "[e]nforcement, not its opposite, is what the separation of powers requires." *Id.* at 523.

BSJI's notice of the D.C. Circuit's decision is respectfully submitted only to ensure that the Court is apprised of this new authority, and not for the sake of advancing any new argument.

As always, we remain available to address the Court on this or any other matter.

Dated: February 15, 2024

          WINSTON & STRAWN LLP

          /s/ *M. Imad Khan*
          M. Imad Khan (Bar No. 1022367)
          800 Capitol St., Suite 2400
          Houston, TX 77002
          Telephone: (713) 651-2600
          Fax: (713) 651-2700
          Email: ikhan@winston.com

          Paula W. Hinton (*pro hac vice*)
          Rachael E. Thompson (*pro hac vice*)
          800 Capitol St., Suite 2400
          Houston, TX 77002
          Telephone: (713) 651-2600
          Fax: (713) 651-2700
          Email: phinton@winston.com
                  rthompson@winston.com

          Kelly A. Librera (*pro hac vice*)
          200 Park Avenue
          New York, NY 10166
          Telephone: (212) 294-6700
          Fax: (212) 294-4700
          Email: klibrera@winston.com

          *Counsel for Banco San Juan Internacional, Inc.*