**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., *Plaintiff*, v. PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A., *Defendants*. | : | C.A. No. 1:23-CV-1263 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE OF STATUS UPDATE AND NEW AUTHORITY**

Petróleos de Venezuela, S.A. (PDVSA) and PDVSA Petróleo, S.A. (together, "Defendants") write in response to Plaintiff Banco San Juan Internacional, Inc.'s submission of a status update and new authority. D.I. 63.

Banco's reliance on the D.C. Circuit's decision in *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510 (D.C. Cir. 2023), issued more than two months ago, is misplaced. That case involved the enforcement of an arbitral award rendered under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"), which creates a *sui generis*, self-contained arbitral regime and imposes an international treaty obligation on the United States to recognize and enforce ICSID awards as if they were judgments of a court of a constituent state of the United States. *Valores*, 87 F.4th at 513. That decision does not dispose of this case, as there is no comparable treaty obligation to recognize and enforce foreign-country judgments and the D.C. Uniform Foreign-Country Money Judgments Act (the "D.C. Recognition Act") contemplates collateral review of

foreign-country judgments on various grounds. D.C. Code § 15-361(c). Moreover, in *Valores*, the D.C. Circuit went out of its way to note that there was "no roving 'public policy exception'" to the recognition and enforcement of ICSID awards. *Valores*, 87 F.4th at 519 (citation omitted). By contrast, the D.C. Recognition Act expressly provides a public policy exception to enforcement of foreign-country judgments. D.C. Code § 15-361(c)(3).

Ultimately, nothing in the *Valores* decision changes the fundamental defect with Banco's request to enforce the U.K. judgments. As explained more fully in Defendants' Opening Brief and Reply in support of their Motion to Dismiss (D.I. 53-1, 55), Banco, who is represented by well-known U.S.-based international law firms, has never denied that its scheme all along was to keep the PDVSA *ad hoc* Board in the dark while it obtained judgments in the United Kingdom with the intent of bringing those judgments to the United States in an effort to execute on property owned and controlled solely by the *ad hoc* Board. No foreign judgments rendered in these circumstances can be enforced in the United States, whether because of U.S. public policy, lack of personal jurisdiction in the foreign court, deprivation of due process, extrinsic fraud or all of those grounds combined. The status update provided by Banco relating to the *Crystallex* matter and the OFAC regulations is immaterial to this analysis.

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

*/s/ Joseph D. Pizzurro*

Joseph D. Pizzurro (D.C. Bar No. 468922)
Kevin A. Meehan (D.C. Bar No. 1613059)
Juan O. Perla (D.C. Bar No. 1660389)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

Dated: February 16, 2024